IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| STONE BANK, | ) |
|     Plaintiff, | ) |
| v. | )     No. 2:19-cv-2040-SHL-dkv |
| CAH ACQUISITION COMPANY 11, LLC, | ) |
|     Defendant. | ) |

**ORDER GRANTING RECEIVER'S EXPEDITED MOTION FOR AUTHORITY TO FILE BANKRUPTCY PETITION**

Before the Court is Receiver Marianna Williams's Expedited Motion for Authority to File Bankruptcy Petition, filed March 6, 2019.  (ECF No. 52.)  The Receiver avers that given the immediate need for funds to protect the collateral, Lauderdale Community Hospital, Bankruptcy Court is the "best and most viable jurisdiction and venue for these proceedings to continue."  (Id. at 3.)  Plaintiff has filed a Response in Support, expressing its willingness to be a debtor-in-possession "to provide an immediate short term influx of necessary funds . . . upon the filing of a case under Chapter 11."  (ECF No. 54.)  Defendant did not respond by the Court's deadline.

This Motion comes after considerable contention over much-needed funds distributed to Defendant through a Medicare payout.  This Court, in the face of competing claims on the funds, including claims backed by judgments from the state of New York, had no choice but to freeze access to those funds entirely pending the outcome of an interpleader action.  (ECF No. 49.)  It was clear that that Order and the pending interpleader from U.S. Bank, the holder of the funds, would make it nearly impossible for the collateral to continue to operate by removing immediate access to funds to pay utility bills and critical vendors, among other things.  However, the Court

had a duty to hear from other claimants to the funds and to respect the judgments of the state of New York until a conclusion as to rights and priority could be reached.

While the Court is not in a position to grant access to funds at this time, Ms. Williams was appointed Receiver to manage and protect the collateral and has made this Motion to attempt to secure the immediately needed funds by another means.  In its Order Appointing Receiver and Granting Related Injunctive Relief, issued February 27, 2019, the Court granted the Receiver authority to "place Borrower into voluntary bankruptcy, subject to the approval of the Court." (ECF No. 41 at 8.)  Ms. Williams's assessment of the situation at the hospital and her argument as to the propriety of a bankruptcy petition are convincing.  Plaintiff's willingness to stand as debtor-in-possession weighs in favor of a grant, as it will seemingly provide the hospital with the capacity to pay the needed bills and continue operation, sustaining its value as collateral and its value to the community.  Defendant's silence, in line with its previous failure to weigh in on or explain the financial confusion at the hospital, is one more factor in favor of approving the Receiver's course of action here.  The Court therefore **GRANTS** the Receiver's Motion.

**IT IS SO ORDERED,** this 7th day of March, 2019.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE
